UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DUSTIN MITCHELL on Behalf of Himself and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**KESTREL FIELD SERVICES, INC.,**<br><br>**Defendant.** | **CIVIL ACTION NO.  4:21-cv-3100** |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION
AND CLASS ACTION COMPLAINT**

### I.  SUMMARY

1. Plaintiff Dustin Mitchell and the employees he seeks to represent ("Class Members") are current and former employees paid on a day rate basis by Defendant Kestrel Field Services, Inc. ("Defendant"). Defendant knowingly and deliberately failed to compensate Plaintiff and the Class Members at the rate of time and one half their regular rate of pay for all hours worked over 40 in a workweek as required under the Fair Labor Standards Act ("FLSA").

2. In particular, Defendant violated the FLSA by misclassifying the Plaintiff and Class Members as exempt from overtime. Consequently, Defendant's compensation policy violates the FLSA's mandate that non-exempt employees, such as the Plaintiff and Class Members, be compensated at one and one-half times their regular rate of pay for each hour worked over forty (40) in a week.

1

3. Plaintiff worked for Defendant in Colorado. Just like Defendant's actions violate the FLSA, Defendant's actions violate Colorado law. As such, Plaintiff brings claims under the Colorado Wage Claim Act, *see* Colo. Rev. Stat. §§ 8-4-101, *et seq.* ("CWCA").

4. Plaintiff seeks to recover, on behalf of himself and the FLSA Class Members, all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff also seeks to recover, on behalf of himself and the Colorado Class Members, all unpaid wages and other damages owed under Colorado law as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## II. SUBJECT MATTER JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant does business in this District, Defendant maintains its headquarters in this District, and the decision to pay Plaintiff in the illegal manner described in this Complaint was made in this District.

## III. PARTIES AND PERSONAL JURISDICTION

7. Plaintiff is an individual currently residing in Wisconsin. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

8. The FLSA Class Members are all current and former employees of Defendant paid a day rate without overtime pay during the three year period prior to the filing of this Complaint to the present.

9. The Colorado Class Members are all current and former employees of Defendant in Colorado paid a day rate without overtime pay during the three year period prior to the filing of

this Complaint to the present. The FLSA Class Members and the Colorado Class Members are collectively referred to as the "Class Members."

10. Defendant Kestrel Field Services, Inc is a Texas company. Said Defendant can be served with process by serving its registered agent, Tyler and Maderer, PLLC at 10330 Lake Rd., Building G, Houston, TX 77070.

11. Defendant is subject to personal jurisdiction in Texas because it is a Texas business and maintains its headquarters in Houston, Texas.

## IV.   COVERAGE

12. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

13. At all material times, Defendant has been an employer within the meaning of CO. REV. STAT. § 8-4-101(5) and the applicable Colorado Minimum Wage Orders.

14. Defendant is a commercial support service company within the meaning of the applicable Colorado Minimum Wage Orders because it is a business or enterprise that is directly or indirectly engaged in providing service to other commercial firms through the use of service employees such as Plaintiff and the Class Members. Additionally, Plaintiff was a service employee as he provided inspections services in Colorado.

15. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

16. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

17. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

18. At all material times, Plaintiffs and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

19. At all material times, Plaintiffs and the Colorado Class Members were employees of Defendant with the meaning of Co. Rev. Stat. § 8-104-101(4) and the applicable Colorado Minimum Wage Orders.

## V. FACTS

20. Defendant operates in the oil and gas industry and performs inspection services at construction sites. To provide these services, Defendant employs hundreds of inspectors nationwide to inspect pipelines during construction and periodically during their use.

21. Plaintiff worked for Defendant from approximately February 2019 to October 2019 as an inspector. He worked in Piere, Colorado for Defendant.

22. Defendant paid Plaintiff on a day rate basis.

23. That is, Defendant paid Plaintiff a set day rate regardless of the number of hours he worked each day or each week. Defendant did not pay Plaintiff a minimum, guaranteed amount each week.

24. Instead, Plaintiff's compensation varied each week depending upon the number of days worked.

25. Plaintiff regularly worked over 40 hours each week. However, when he worked more than 40 hours, he was not paid any overtime wages for those hours worked in excess of 40.

26. Like Plaintiff, Defendant pays its other inspectors nationwide on a day rate basis.

27. Plaintiff regularly worked more than 40 hours in a week. In fact, Plaintiff commonly worked more than 12 hours during the majority of days that he worked for Defendant. As a result, Plaintiff frequently worked in excess of 60 hours per week.

28. Plaintiff's schedule was similar to the schedule of the Class Members.

29. Like Plaintiff, the Class Members were paid on a day rate basis. Like Plaintiff, the Class Members regularly worked more than 40 hours each week and were not paid overtime for those hours worked in excess of 40.

30. The Plaintiff and Class Members were not exempt from the overtime requirements of the FLSA.

31. None of the white collar exemptions found in 29 U.S.C. § 213(a)(1) are applicable to the Plaintiff and the Class Members because they were not paid on a "salary" basis or "fee" basis as required under in 29 U.S.C. § 213(a)(1).

32. Instead, Plaintiff and the Class Members were paid a day rate. In *Hewitt v. Helix Energy Solutions Group, Inc.*, the Fifth Circuit stated as follows:

> This appeal requires us to do nothing more than apply the plain text of the regulations….Under § 541.604(b), an employee whose pay is "computed on a daily basis" must meet certain conditions in order to satisfy the salary-basis test. **And Helix admits that Hewitt's pay is "computed on a daily basis." Accordingly, Hewitt is subject to overtime**…If we are following the plain text of the regulations, that should be the end of the story.

*Hewitt v. Helix Energy Solutions Group, Inc.*, 2021 WL 4099598, at *3 (5th Circ. 2021) (emphasis added).

33. Further, the Department of Labor has stated that inspection work, of the type performed by Plaintiff and the Class Members, is not subject to the administrative exemption. The FLSA's regulations state as follows:

> Ordinary inspection work generally does not meet the duties requirements for the administrative exemption. Inspectors normally perform specialized work along standardized lines involving well-established techniques and procedures which may have been catalogued and described in manuals and other sources. Such inspectors rely on techniques and skills acquired by special training or experience. They have some leeway in the performance of their work but only within closely prescribed limits.

29 C.F.R. 541.203(g).

34. Here, Plaintiff and the Class Members were manual laborers who performed routine inspection work. The administrative exemption does not apply to manual laborers like Plaintiff and the Class Members. *See* 29 C.R.R. § 541.3(a) (overtime exemptions do not apply to "'manual laborers' or other 'blue collar' workers who perform work involving repetitive operations with their hands, physical skill and energy.")

35. Moreover, Plaintiff and the Class Members performed work that was "service" related, which is distinct from "administrative" work. They worked outdoors performing oil and gas operations.

36. Furthermore, Defendant paid a per diem, a truck payment, and an electronic payment that did not provide reimbursement for any work related expenses. Defendant made these payments regardless of whether the Plaintiff and Class Members actually incurred travel, lodging, or other work related expenses in a given week. Thus, the payments issued to the Plaintiff and Class Members should have been included in the regular rate of pay. Even if the per diem, truck, and electronic payment did reimburse the Plaintiff and Class Members for some expenses, these payments were substantially greater than the actual or reasonable approximation of the Plaintiff's and Class Members' expenses. Therefore, these payments bore no reasonable relationship to actual expenses that were incurred. Defendant disguised this compensation as expense

reimbursements in order to avoid paying payroll taxes and to avoid including such compensation in the calculation of the overtime rate.

37. Defendant's method of paying Plaintiff and the Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. Defendant's misclassification was not by accident, but a well thought out scheme to reduce their labor costs. Defendant knew the requirement to pay overtime to its employees, but intentionally and/or recklessly chose not to do so. Accordingly, Defendant's violations of the FLSA were willful.

## VI. CAUSES OF ACTION

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
### (COLLECTIVE ACTION)

38. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

39. Defendant's practice of failing to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

40. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant or Plaintiff/Class Members.

### COUNT II: VIOLATION OF THE COLORADO WAGE CLAIM ACT
### FAILURE TO PAY OVERTIME
### (CLASS ACTION ACTION)

41. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

42. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the CWCA. At all relevant times, Defendant has employed and continues

to employ, "employees," including the Class Members and Plaintiff, within the meaning of the CWCA.

43. As a result of the foregoing conduct, as alleged, Defendant has failed to pay wages due under the CWCA and the Colorado Minimum Wage Act, *see* COLO. REV. STAT. § 8-4-101, *et seq.*, as implemented by the Minimum Wage Order, thereby violating, and continuing to violate, the CWCA. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

44. As a result, Plaintiff and the Class Members have been damaged in an amount to be determined at trial. Plaintiff, on behalf of himself and on behalf of the Class Members, hereby demand payment as contemplated by the CWCA in an amount sufficient to compensate Plaintiff and the Class Members for all unpaid overtime wages.

## VII. RULE 23 CLASS ACTION ALLEGATIONS

45. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

46. Plaintiff brings his overtime claims arising under the CWCA as a Rule 23 class action on behalf of the following class:

> **All current and former employees of Defendant in Colorado paid a day rate without overtime pay during the three year period prior to the filing of this Complaint to the present.**

47. Although Plaintiff does not know the precise number of members of the proposed class, Plaintiff believes there are more than 100 individuals that fit into the class.

48. The members of the class is so numerous that their individual joinder is impractical.

49. The identity of the members of the class is readily discernible from Defendant's records.

50. Plaintiff and the Class Members on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

51. Common questions of law and fact exist to all members of the Class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

   a. Whether Plaintiff and the Class Members worked hours in excess of forty hours per work week;

   b. Whether Plaintiff and the Class Members worked in excess of 12 hours per day;

   c. Whether Plaintiff and the Class Members were denied overtime pay at a rate not less than one and one half times their regular rate as prescribed by Colorado law.

52. These and other common questions of law and fact, which are common to the members of the Class, predominate over any individual questions affecting only individual members of the Class.

53. Plaintiff's claims are typical of the claims of the class because Plaintiff was not paid overtime wages in accordance with Colorado law and because Defendant misclassified the Plaintiff and Class Members as exempt from overtime.

54. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class that he seeks to represent. Plaintiff has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

55. A class action under Colorado state law is superior to other available means of fair and efficient adjudication of the state law claims of Plaintiff and the Class Members. The injuries

suffered by each individual Class Member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them; even if the members of the Class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

### VIII.   COLLECTIVE ACTION ALLEGATIONS

56.    As part of its regular business practices, Defendant has engaged in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

57.    Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendant and were paid on a day rate basis within the three (3) years preceding the filing of this Complaint to the present.

58.    Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

59.    Plaintiff has actual knowledge, through observations of and conversations with his co-workers, that a class of similarly situated Class Members exists who have been subjected to Defendant's policy of not paying the overtime rate for all hours worked over forty.  Plaintiff worked with other employees at multiple locations for Defendant.

60. The Class Members are similarly situated to Plaintiff in that they all performed similar duties, were paid on a day rate basis, and were denied overtime pay.

61. Defendant's failure to pay overtime at the rates required by the FLSA results from generally applicable policies or practices and does not depend on personal circumstances of individual Class Members.

62. The experience of Plaintiff, with respect to his employment classification and pay, is typical of other workers across Defendant's business.

63. The specific job titles or precise job responsibilities of each Class Member does not foreclose collective treatment because liability in this case relates to Defendant's decision to pay its employees on a day rate without overtime.

64. Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

65. Class Members are not exempt from receiving overtime pay under the FLSA.

66. Like Plaintiff, all Class Members, irrespective of their particular job requirements, are entitled to receive overtime compensation for hours worked in excess of forty during a workweek.

67. The names and addresses of the Class Members are available from Defendant's records. To the extent required by law, notice will be provided to these individuals by first class mail or by the use of techniques and a form of notice similar to those customarily used in representative actions.

68. Although the exact amount of damages may vary among the individual Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

69. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

70. As such, the class of similarly situated employees is properly defined as follows:

> **All of Defendant's current and former employees paid on a day rate basis without overtime pay during the three year period prior to the filing of this Complaint to the present.**

### IX. PRAYER FOR RELIEF

71. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

   a. Overtime compensation for all hours worked in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

   b. An equal amount of their unpaid overtime premiums as liquidated damages, as allowed under the FLSA;

   c. Reasonable attorney's fees, costs, interest, penalties and expenses of this action as provided by the FLSA and Colorado law; and

   d. Such other and further relief to which Plaintiff and Class Members may be entitled, both at law or in equity.

Respectfully submitted,

HODGES & FOTY, L.L.P.

By: /s/ Don J. Foty
Don J. Foty
dfoty@hftrialfirm.com
Texas State Bar No. 24050022
Fed. Id: 711552
4409 Montrose Blvd., Suite 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEY FOR PLAINTIFF AND CLASS MEMBERS